**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com
*Attorneys for Plaintiff, Dennis Roscoe*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ROSCOE,<br><br>    Plaintiff,<br><br>  v.<br><br>PHILLY SHIPYARD, INC.,<br>HKA ENTERPRISES, LLC,<br>INTERNATIONAL BROTHERHOOD OF<br>BOILERMAKERS, IRON SHIP BUILDERS,<br>BLACKSMITHS, FORGERS and<br>HELPERS, *and*<br>STEPHEN M. LALUMERA,<br><br>    Defendants. | Civil Action No._____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, EQUITABLE RELIEF *and* DAMAGES**<br><br>JURY TRIAL DEMANDED |

### Nature of the Action

1. This is an action for relief from violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"); Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Section 1981); and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA"); and the Philadelphia Fair Practices Ordinance, Philadelphia Code §§ 9-1101 et seq. ("PFPO").

1

2. Plaintiff Dennis Roscoe seeks equitable and declaratory relief, actual damages, compensatory damages, punitive damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of suit as remedies for Defendants' violations of his rights.

<u>**The Parties**</u>

3. Plaintiff Dennis Roscoe is an adult individual resident of the State of Tennessee.

4. Defendant Philly Shipyard Inc. ("Philly Shipyard"), formerly known as Aker Philadelphia Shipyard, Inc., is a domestic business corporation incorporated in the Commonwealth of Pennsylvania with a principal place of business located at 2100 Kitty Hawk Ave., Philadelphia, PA 19112. Philly Shipyard is a commercial shipyard that constructs vessels used internationally and is based in Philadelphia, Pennsylvania. At all relevant times, Philly Shipyard had a contract with Defendant HKA to provide skilled laborers, including Mr. Roscoe. Philly Shipyard was Mr. Roscoe's joint employer because Mr. Roscoe was required to follow Philly Shipyard's policies, he was required to appear at set hours for work scheduled by Philly Shipyard, he was required to use Philly Shipyard's equipment and tools, he was required to follow directives of Philly Shipyard's management, he was subject to discipline by Philly Shipyard, he was subject to being moved, transferred or removed at Philly Shipyard's request, and he was subject to termination by Philly Shipyard. At all relevant times, Defendant acted or failed to act through its agents, servants and employees, each of whom were acting within the course and scope of their employment with Defendant. At all relevant times, Defendant was Plaintiff's employer covered under Title VII, Section 1981, the PHRA and the PFPO.

5. Defendant HKA Enterprises, LLC ("HKA") is a foreign limited liability company incorporated in South Carolina with a principal place of business located at 337

Spartangreen Blvd., Duncan, SC 29334. HKA provides skilled and unskilled laborers throughout the United States to its clientele, including Defendant Philly Shipyard. HKA was Mr. Roscoe's joint employer in that it controlled his placement, required its employment policies to be followed, was responsible for Mr. Roscoe's terms and conditions of employment, and directly paid Mr. Roscoe. At all relevant times, Defendant acted or failed to act through its agents, servants and employees, each of whom were acting within the course and scope of their employment with Defendant. At all relevant times, Defendant was Plaintiff's employer covered under Title VII, Section 1981, the PHRA and the PFPO.

6. Defendant International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers ("Union") is a trade union located at P.O. Box 37547, Philadelphia, PA 19148. Defendant is Mr. Roscoe's union. Defendant Union is liable herein because it knew of the discriminatory and retaliatory actions undertaken by the other Defendant, it made no effort to remedy or prevent the discriminatory and retaliatory actions, it failed to assist or represent Mr. Roscoe, and it actually participated in perpetuating the discriminatory and retaliatory conduct by failing to follow policies. Defendant acted or failed to act through its agents, servants and employees, each of whom were acting within the course and scope of their employment with Defendant. At all relevant times, Defendant was Plaintiff's employer covered under Title VII, Section 1981, the PHRA and the PFPO.

7. Defendant Stephen M. Lalumera ("Mr. Lalumera") is an adult individual residing at 4588 Grandview Ave., Bensalem, PA 19020. At all relevant times, Mr. Lalumera was Mr. Roscoe's supervisor/manager. At all relevant times, Defendant was acting within the

course and scope of his employment as an agent of Defendant Philly Shipyard. At all relevant times, Defendant held supervisory authority over Plaintiff and had the authority to take tangible employment action against Plaintiff during his employment for Defendants.

**Exhaustion of Administrative Remedies**

8. Mr. Roscoe timely filed charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Philadelphia Commission on Human Relations ("PCHR") alleging violations of Title VII, the PHRA and the PFPO.

9. Plaintiff's PHRA and PFPO claims are still pending before PCHR because less than one year has elapsed since PCHR assumed jurisdiction over Plaintiff's charges. After one year, Plaintiff will seek leave to amend this complaint to assert his PHRA and PFPO claims against Defendants.

10. EEOC issued Mr. Roscoe a Notice of Right to Sue Within 90 Days.

11. Mr. Roscoe has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

**Jurisdiction and Venue**

12. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because it involves questions of federal law under the Title VII and Section 1981.

13. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the acts and omissions giving rise to Plaintiff's claims occurred here and Defendants are subject to personal jurisdiction here.

## Facts

14. Mr. Roscoe is an adult male individual who identifies as African American (Race) and Black (Color).

15. In or around 2013, Mr. Roscoe previously worked for Aker Philadelphia Shipyard ("Aker"), which owned the enterprise now owned by Defendant Philly Shipyard Inc. in the positions of shipfitter or shipbuilder. At that time, Mr. Roscoe made complaints to management of racial discrimination after coworkers referred to black employees as "niggers." Following Plaintiff's complaints to management, Mr. Roscoe was transferred to a different department and subsequently fired on or about February 5, 2014. Defendant Lalumera was aware of Mr. Roscoe's complaint because he was the supervisor in the department Mr. Roscoe was transferred to. Additionally, Mr. Lalumera was the decisionmaker responsible for Mr. Roscoe's termination.

16. In 2014, Mr. Roscoe filed charges of discrimination against Aker, Defendant Union, and others, under EEOC Charge No. 530-2014-01759.

17. In 2015, Mr. Roscoe field a federal lawsuit against Aker, Defendant Union, and others, in the U.S. District Court for the Eastern District of Pennsylvania, Civil Action No. 15-662. Defendant Lalumera was a witness in that action.

18. On September 21, 2021, Defendant HKA placed Mr. Roscoe with Defendant Philly Shipyard in the position of Shipbuilder.

19. Mr. Roscoe's supervisor/manager was, again, Mr. Lalumera.

20. On September 27, 2021, Defendants terminated Mr. Roscoe's employment. Defendants did not provide any reason for the termination.

21. After Mr. Roscoe was terminated, Defendants continued hiring for Mr. Roscoe's position.

22. At all relevant times, Mr. Roscoe was qualified for the position and his performance was satisfactory and in accordance with the employer's expectations for the position.

23. Defendants discriminated against Mr. Roscoe because of his Race and Color, subjected him to a hostile work environment, and retaliated against him because of his previous EEOC Charges and federal civil rights lawsuit.

24. As a result of Defendants' conduct, Mr. Roscoe was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

25. As a result of Defendants' actions, Mr. Roscoe felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

26. As a result of the acts and conduct complained of herein, Mr. Roscoe has suffered and will continue to suffer the loss of income, loss of salary, loss of benefits and other compensation which his employment entailed.

27. Mr. Roscoe also suffers future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

28. Mr. Roscoe has further experienced severe emotional and physical distress.

29. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Mr. Roscoe demands punitive damages as against all the Defendants, jointly and severally.

30. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

31. Defendants at all times refused to investigate or take appropriate remedial action in response to Mr. Roscoe complaints of discrimination, harassment and hostile work environment.

32. Defendants' discriminatory conduct was severe and pervasive, creating a hostile work environment for Mr. Roscoe.

33. The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Mr. Roscoe.

34. Mr. Roscoe claims a practice of discrimination and claims continuing violations and makes all claims herein under the continuing violations doctrine.

35. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

36. Mr. Roscoe claims unlawful termination and requests reinstatement.

**Causes of Action**

**Count I**
**Title VII Disparate Treatment**
**42 U.S.C. § 2000e-2**
**Plaintiff v. Defendants Philly Shipyard, HKA and Union**

37. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

38. Title VII provides, in relevant part, that "it shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

39. Title VII further provides that "un unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m).

40. Defendants engaged in unlawful employment practices prohibited by Title VII by intentionally discriminating against Mr. Roscoe with respect to his compensation, terms, conditions, training and privileges of employment because of his race, color, and retaliation.

41. Defendants subjected Mr. Roscoe to adverse tangible employment actions—defined as significant changes in Plaintiff's employment status, discipline, denial of training, failure to promote, reassignment with significantly different job responsibilities, and decisions causing changes in significant changes in his employment benefits.

42. Mr. Roscoe's protected characteristics played a determinative factor in Defendants' decisions.

43. Defendants cannot show any legitimate nondiscriminatory reasons for their employment practices and any reasons proffered by Defendants for their actions against Plaintiff are pretextual and can readily be disbelieved.

44. Alternatively, Mr. Roscoe's protected status played a motivating part in Defendants' decisions even if other factors may also have motivated their actions against him.

45. Defendants acted with the intent to discriminate.

46. Defendants acted upon a continuing course of conduct.

47. As a result of Defendants' violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays for the following relief: (1) an award of compensatory damages in an amount consistent with Title VII; (2) an award of reasonable attorneys' fees and costs of this action in accordance with Title VII; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and declaration that Defendants' conduct as set forth herein is in violation of Title VII; and (5) all additional general and equitable relief to which Plaintiff is entitled.

**Count II**
**Title VII Hostile Work Environment**
**42 U.S.C. § 2000e-2**
**<u>Plaintiff v. Defendants Philly Shipyard, HKA and Union</u>**

48. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

49. Title VII also prohibits hostile work environment harassment, defined as unwanted comments or conduct regarding the plaintiff's protected characteristics that have the purpose or effect of unreasonably interfering with the terms and conditions of the plaintiff's employment. <u>Harris v. Forklift Systems</u>, 510 U.S. 17, 21 (1993).

50. An employer is strictly liable for supervisor harassment that "culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment." <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742 (1998).

51. Respondeat superior liability for the acts of non-supervisory employees exists where "the defendant knew or should have known of the harassment and failed to take prompt remedial action. <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1486 (3d Cir. 1990).

52. Employer liability for co-worker harassment also exists where "the employer failed to provide a reasonable avenue for complaint." <u>Huston v. Procter & Gamble Paper Prods. Corp.</u>, 568 F.3d 100, 105 (3d Cir. 2009).

53. The Third Circuit has held that the retaliation provision of Title VII "can be offended by harassment that is severe or pervasive enough to create a hostile work environment." Jensen v. Potter, 435 F.3d 444, 446 (3d Cir. 2006).

54. Here, Defendants' conduct occurred because of Mr. Roscoe's legally protected characteristics and was severe or pervasive enough to make a reasonable person of the same legally protected classes believe that the conditions of employment were altered and that the working environment was intimidating, hostile or abusive.

55. The harassing conduct directly refers to Plaintiff's race, color, and retaliation.

56. Defendants delegated to Plaintiff's supervisors the authority to control the work environment and they abused that authority to create a hostile work environment.

57. Harassing conduct filled the environment of Plaintiff's work area.

58. Defendants knew that the harassing conduct filled Plaintiff's work environment.

59. Harassing conduct occurred daily.

60. Harassing conduct caused Plaintiff to sustain severe emotional distress resulting in physical illness and serious psychological sequelae.

61. Plaintiff subjectively regarded the harassing conduct as unwelcome and unwanted and objectively opposed the conduct.

62. The conduct was both severe and pervasive.

63. The conduct was physically threatening and humiliating.

64. The conduct unreasonably interfered with Plaintiff's work performance.

65. The conduct was so extreme that it resulted in material changes to the terms and conditions of Plaintiff's employment.

66. Defendants provided a futile avenue for complaint.

67. Defendants retaliated against Plaintiff for his complaints.

68. Defendants acted upon a continuing course of conduct.

69. As a result of Defendants' violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays for the following relief: (1) an award of compensatory damages in an amount consistent with Title VII; (2) an award of reasonable attorneys' fees and costs of this action in accordance with Title VII; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and declaration that Defendants' conduct as set forth herein is in violation of Title VII; and (5) all additional general and equitable relief to which Plaintiff is entitled.

**Count III**
**Title VII Retaliation**
**42 U.S.C. § 2000e-3**
**Plaintiff v. Defendants Philly Shipyard, HKA and Union**

70. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

71. Title VII protects employees from retaliation for attempting to exercise their rights under the Act:

> 42 U.S.C. § 2000e-3. Other unlawful employment practices
> (a) Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings. It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has

made a charge, testified, assisted, or participated in any manner in
an investigation, proceeding, or hearing under this subchapter.

72. The Supreme Court in <u>Burlington v. N. & S.F. Ry. V. White</u>, 548 U.S. 53, 68 (2006) held

that a cause of action for retaliation under Title VII lies whenever the employer responds

to protected activity in such a way that "might have dissuaded a reasonable worker from

making or supporting a charge of discrimination."

73. Informal complaints and protests can constitute protected activity under the "opposition"

clause of 42 U.S.C. § 2000e-3(a). <u>Moore v. City of Philadelphia</u>, 461 F.3d 331, 343 (3d

Cir. 2006) ("Opposition to discrimination can take the form of informal protests of

discriminatory employment practices, including making complaints to management.").

74. Title VII's anti-retaliation provision also protects employees who speak out about

discrimination by answering questions during an employer's internal investigation.

<u>Crawford v. Metropolitan Gov't of Nashville and Davidson Cty., Tennessee</u>, 555 U.S.

271, 277 (2009) (declaring that there is "no reason to doubt that a person can 'oppose' by

responding to someone else's question just as surely as by provoking the discussion, and

nothing in the statute requires a freakish rule protecting an employee who reports

discrimination on her own initiative but not one who reports the same discrimination in

the same words when her boss asks a question.").

75. Retaliation need not be job-related to be actionable under Title VII—an employer can

effectively retaliate against an employee by taking actions not directly related to her

employment or by causing her harm outside the workplace. <u>White</u>, 548 U.S. at 61-62

(rejecting authority from the Third Circuit and others requiring that the plaintiff suffer an

adverse employment action in order to recover for retaliation).

76. "[A] plaintiff need not prove the merits of the underlying discrimination complaint, but only that he was acting under a good faith, reasonable belief that a violation existed.'" <u>Aman v. Cort Furniture Rental Corp.</u>, 85 F.3d 1074, 1085 (3d Cir. 1996); <u>Griffiths v. CIGNA Corp.</u>, 988 F.2d 457, 468 (3d Cir. 1993); <u>Sumner v. United States Postal Service</u>, 899 F.2d 203, 209 (2d Cir. 1990), <u>overruled on other grounds</u> <u>by</u> <u>Miller v. CIGNA Corp.</u>, 47 F.3d 586 (3d Cir.1995).

77. An employee need not be a member of a protected class to be subject to actionable retaliation under Title VII. <u>See</u> <u>Moore</u>, 461 F.3d at 342 ("Title VII's whistleblower protection is not limited to those who blow the whistle on their own mistreatment or on the mistreatment of their own race, sex, or other protected class.")

78. Here, Defendants discriminated against Plaintiff because of his protected activity under Title VII.

79. Plaintiff was acting under a reasonable, good faith belief that his right to be free from discrimination on the basis of race, color, and retaliation was violated.

80. Plaintiff was subjected to materially adverse actions at the time or after the protected conduct took place.

81. There was a causal connection between Defendants' materially adverse actions and Plaintiff's protected activity. In determining whether a plaintiff has produced evidence of causation, courts in the Third Circuit focus on two indicia: timing and evidence of ongoing antagonism. Plaintiff will rely on a broad array of evidence to demonstrate a causal link between his protected activity and Defendants' actions taken against him, such as the unusually suggestive proximity in time between events, as well as

Defendants' antagonism and change in demeanor toward Plaintiff after Defendants became aware of Plaintiff's protected activity.

82. Defendants' actions were "materially adverse" because they were serious enough to discourage a reasonable worker from engaging in protected activity.

83. Defendants acted upon a continuing course of conduct.

84. As a result of Defendants' violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays for the following relief: (1) an award of compensatory damages in an amount consistent with Title VII; (2) an award of reasonable attorneys' fees and costs of this action in accordance with Title VII; (3) an award of pre- and post-judgment interest and court costs as further allowed by law; (4) an adjudication and declaration that Defendants' conduct as set forth herein is in violation of Title VII; and (5) all additional general and equitable relief to which Plaintiff is entitled.

**Count IV**
**Section 1981 Disparate Treatment**
**42 U.S.C. § 1981**
**Plaintiff v. All Defendants**

85. Plaintiff incorporates by reference each and every allegation made in the above paragraphs of this complaint.

86. Section 1981 prohibits race discrimination in the making and enforcing of contracts. 42 U.S.C. § 1981.

87. The Third Circuit has stated that "a wide panoply of adverse employment actions may be the basis of employment discrimination suits under Title VII of the Civil Rights Act and 42 U.S.C. § 1981." Clark v. Twp. of Falls, 890 F.2d 611, 618-19 (3d Cir. 1989).

88. The Third Circuit has treated Section 1981 claims and Title VII claims interchangeably with respect to adverse employment actions. See, e.g., Barnees v. Nationwide Mut. Ins. Co., 598 Fed. Appx. 86, 90 (3d Cir. 2015); Storey v. Burns Int'l Sec. Servs., 390 F.3d 760, 764 (3d Cir. 2004) (a Title VII case); Thompson v. City of Waco, 764 F.3d 500, 503 (5th Cir. 2014) (a Section 1981 case).

89. Under Section 1981, both employers and individual employees can be liable for discrimination in employment. See Cardenas v. Massey, 269 F.3d 251, 268 (3d Cir. 2001) ("Although claims against individual supervisors are not permitted under Title VII, this court has found individual liability under § 1981 when [the defendants] intentionally cause an infringement of rights protected by Section 1981, regardless of whether the [employer] may also be held liable."); Al-Khazraji v. Saint Francis College, 784 F.2d 505, 518 (3d Cir. 1986) ("employees of a corporation may become personally liable when they intentionally cause an infringement of rights protected by Section 1981, regardless of whether the corporation may also be held liable").

90. Defendants violated Section 1981 by intentionally discriminating against Plaintiff in a serious tangible way with respect to his compensation, terms, conditions or privileges of employment.

91. Plaintiff's race characteristics were a determinative or motivating factor in Defendants' employment actions.

92. Defendants cannot show any legitimate nondiscriminatory reason for their employment practices and any reasons proffered by the Defendants for their actions against Plaintiff are pretextual and can readily be disbelieved.

93. Plaintiff's protected status played a motivating part in the Defendants' decisions even if other factors may also have motivated Defendants' actions against Plaintiff.

94. Defendants acted with the intent to discriminate.

95. Defendants acted upon a continuing course of conduct.

96. Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights and as a result there should be an award of punitive damages against Defendants.

97. As a result of Defendants' violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendants' conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiff is entitled.

**Count V**
**Section 1981 Hostile Work Environment**
**42 U.S.C. § 1981**
**Plaintiff v. All Defendants**

98. Plaintiff incorporates by reference each and every allegation made in the above

paragraphs of this complaint.

99. The standards for a hostile work environment claim are identical under Title VII and

Section 1981. See, e.g., Verdin v. Weeks Marine Inc., 124 Fed. Appx. 92, 95 (3d Cir.

2005) ("Regarding [plaintiff's] hostile work environment claim, the same standard used

under Title VII applies under Section 1981."); Ocasio v. Lehigh Valley Family Health

Center, 92 Fed.Appx. 876, 879-80 (3d Cir. 2004) ("As amended by the 1991 Civil Rights

Act, § 1981 now encompasses hostile work environment  claims, and we apply the same

standards as in a similar Title VII claim.").

100.      While the standards of liability are identical under Title VII and Section 1981,

there is a major difference in the coverage of the two provisions: under Title VII, only

employers can be liable for discrimination in employment, but under Section 1981,

individuals, including other employees, can be liable for racial discrimination against an

employee. See Cardenas, 269 F.3d at 268; Al-Khazarji, 784 F.2d at 518.

101.      Defendants subjected Plaintiff to harassment motivated by Plaintiff's race

characteristics.

102.      Defendants' conduct was not welcomed by Plaintiff.

103.      Defendants' conduct was so severe or pervasive that a reasonable person in

Plaintiff's position would find the work environment to be hostile or abusive.

104.      Plaintiff believed his work environment was hostile or abusive as a result of

Defendants' conduct.

105.     As a result of the hostile work environment, Plaintiff suffered a "tangible employment action" defined as a significant change in employment status, failure to promote, reassignment with significantly different responsibilities, and/or a decision causing a significant change in benefits.

106.     Defendants failed to exercise reasonable care to prevent racial harassment in the workplace by failing to establish an explicit policy against harassment in the workplace on the basis of race, failing to fully communicate the policy to its employees, failing to provide a reasonable way for Plaintiff to make a claim of harassment to higher management, and failing to take reasonable steps to promptly correct the harassing behavior raised by Plaintiff.

107.     Defendants acted upon a continuing course of conduct.

108.     As a result of Defendants' violations of Section 1981, Plaintiff has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendants' conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiff is entitled.

**Count VI**
**Section 1981 Retaliation**
**42 U.S.C. § 1981**
**Plaintiff v. All Defendants**

109.     Plaintiff incorporates by reference each and every allegation made in the above

paragraphs of this complaint.

110.     The Supreme Court has held that retaliation claims are cognizable under Section

1981 despite the absence of specific statutory language. CBOCS West, Inc. v.

Humphries, 553 U.S. 442 (2008).

111.     The Third Circuit has indicated that the legal standards for a retaliation claim

under Section 1981 are generally the same as those applicable to a Title VII retaliation

claim. See, e.g., Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir. 2001) ("[T]o establish a

prima facie retaliation claim under Title VII [or] § 1981 … , [a plaintiff] must show: (1)

that he engaged in a protected activity; (2) that he suffered an adverse employment

action; and (3) that there was a causal connection between the protected activity and the

adverse employment action"); Khair v. Campbell Soup Co., 893 F. Supp. 316, 335-36

(D.N.J. 1995) (noting that with respect to retaliation claims, "The Civil Rights Act of

1991 extended § 1981 to the reaches of Title VII.").

112.     The most common activities protected from retaliation under Section 1981 and

Title VII are: (1) opposing unlawful discrimination; (2) making a charge of employment

discrimination; (3) testifying, assisting or participating in any manner in an investigation,

proceeding or hearing under Section 1981. See Robinson v. City of Pittsburgh, 120 F.3d

1286, 1299 (3d Cir. 1997) (filing discrimination complaint constitutes protected activity),

overruled on other grounds by Burlington N. & S.F. Ry. Co. v. White, 126 S. Ct. 2405

(2006); Kachmar v. Sungard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997)

(advocating equal treatment was protected activity); <u>Aman v. Cort Furniture</u>, 85 F.3d

1074, 1085 (3d Cir. 1989) (under Title VII's anti-retaliation provision "a plaintiff need

not prove the merits of the underlying discrimination complaint, but only that 'he was

acting under a good faith, reasonable belief that a violation existed'"); <u>Griffiths v.</u>

<u>CIGNA Corp.</u>, 988 F.2d 457, 468 (3d Cir. 1993); <u>Sumner v. United States Postal Service</u>,

899 F.2d 203, 209 (2d Cir. 1990), <u>overruled on other grounds</u> by <u>Miller v. CIGNA Corp.</u>,

47 F.3d 586 (3d Cir. 1995).

113.     Here, Defendants discriminated against Plaintiff because of his protected activity

under Section 1981.

114.     Plaintiff was acting under a reasonable, good faith belief that his right to be free

from discrimination on the basis of race was violated.

115.     Plaintiff was subjected to a materially adverse action at the time, or after the

protected conduct took place.

116.     There was a causal connection between Defendants' materially adverse actions

and Plaintiff's protected activity. In determining whether a plaintiff has produced

evidence of causation, courts in the Third Circuit focus on two indicia: timing and

evidence of ongoing antagonism. Plaintiff will rely on a broad array of evidence to

demonstrate a causal link between his protected activity and Defendants' actions taken

against him, such as the unusually suggestive proximity in time between events, as well

as Defendants' antagonism and change in demeanor toward Plaintiff after Defendants

became aware of Plaintiff's protected activity.

117.     Defendants' actions were "materially adverse" because they were serious enough

to discourage a reasonable worker from engaging in protected activity.

118.     Defendants acted upon a continuing course of conduct.

119.     As a result of Defendants' violations of Section 1981, Plaintiff has suffered

damages, including, but not limited to: past and future lost wages, pain and suffering,

inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress,

reputational harm, diminishment of career opportunities, and other harm, both tangible

and intangible.

**WHEREFORE**, Plaintiff demands judgment against Defendants and prays for the following

relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section

1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in

accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6)

an adjudication and declaration that Defendants' conduct as set forth herein is in violation of

Section 1981; (7) punitive damages in accordance with Section 1981; (8) front pay in accordance

with Section 1981; and (9) all additional general and equitable relief to which Plaintiff is entitled.

## <u>Jury Demand</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a

trial by jury on all issues raised by this complaint.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

<u>/s/ Ian M. Bryson, Esquire</u>
IAN M. BRYSON, ESQUIRE
Attorney ID No. 321359
1835 Market Street, Suite 2950
Philadelphia, PA 19103
(215) 391-4790
ian@dereksmithlaw.com

Dated: <u>April 12, 2022</u>          *Attorneys for Plaintiff, Dennis Roscoe*